**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
LISA M. GIBSON (SBN 194841)
lisa.gibson@nelsonmullins.com
AMY M. TOBOCO (SBN 149508)
amy.toboco@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:  424.221.7400
Facsimile:  424.221.7499

Attorneys for Defendant
**MCLAREN AUTOMOTIVE, INC.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANI RAFFI,<br><br>                Plaintiff,<br><br>vs.<br><br>MCLAREN AUTOMOTIVE, INC., AND DOES 1 THROUGH 10, INCLUSIVE<br><br>                Defendant | Case No. 2:25-cv-00202<br><br>**DEFENDANT MCLAREN AUTOMOTIVE INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441(b) AND 1446 - DIVERSITY**<br><br>Complaint filed: December 2, 2024<br>Removed from Los Angeles Superior Court |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant McLaren Automotive, Inc. ("MAI"), by and through its undersigned counsel, hereby files this Notice of Removal to Federal Court ("Notice of Removal") pursuant to 28 U.S.C. §§ 1441(b) and 1446. This action is within the original jurisdiction of the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1332 because (i) there is complete diversity between the Plaintiff and Defendant and (ii) the total amount in controversy exceeds $75,000.  MAI denies the allegations contained in the state court

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

pleadings filed in the Superior Court of the State of California, County of Los Angeles, and files this Notice of Removal without waiving any rights, defenses, exceptions, or obligations that may exist in its favor in state or federal court. In support of this Notice of Removal, MAI states as follows:

## STATEMENT OF JURISDICTION

This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(b) and for the reasons explained below.

## THE REMOVED ACTION

1.     Plaintiff Armani Raffi ("Plaintiff") filed this civil action against MAI and DOES 1 through 10 on December 2, 2024, in the Superior Court of the State of California, County of Los Angeles, under Case Number 24SMCV05825 (the "Action").

2.     Plaintiff served MAI with a Summons and Complaint on December 10, 2024.

3.     True and correct copies of all process, pleadings, and orders served upon MAI are attached as **Exhibit A** and are being filed along with this Notice of Removal.

4.     Other than the documents attached as Exhibit A, no pleadings, process, orders, or other documents in the case have been served or otherwise received by MAI or, to MAI's knowledge, are presently on file in the state court. In the event that such filings come to MAI's attention, it will immediately file copies in this Court.

5.     MAI did not respond to the Complaint in the state court prior to removal.

## PROCEDURAL ISSUES

6.     Removal is timely under 28 U.S.C. § 1446(b). Plaintiff served MAI with the Summons and Complaint on or about December 10, 2024. *See* Ex. A. Therefore, this Notice of Removal is timely filed within thirty (30) days after service of the Summons and Complaint on MAI.

7.     Venue is proper under 28 U.S.C. § 1441(a) because the Superior Court

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

for the State of California for the County of Los Angeles, where the state court action is pending, is located within the United States District Court for the Central District of California.

## JURISDICTION IS PROPER UNDER § 1332(a)

8.    Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over all civil actions where (1) the action is between citizens of different states or citizens of a state and an alien, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. As explained below, this Action satisfies both requirements and this Court, therefore, has jurisdiction.

## THE PARTIES ARE CITIZENS OF DIFFERENT STATES

9.    Section 1332(a) requires complete diversity of citizenship, which is established when "each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

10.    Plaintiff is a citizen of the State of California.  *See* **Exhibit A**, Complaint ¶2.  MAI is *not* a citizen of the State of California.  MAI is incorporated under the laws of the State of Delaware and its principal place of business located at 1405 S. Beltline Rd., Suite 100, Coppell, Texas 75019.  *See* **Exhibit B**, California Secretary of State, Statement of Information (last visited January 3, 2025).  Accordingly, MAI is a citizen of Delaware and Texas for purposes of the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …").

11.    The citizenship of DOE Defendants sued under fictitious names is disregarded for purposes of removal based on diversity jurisdiction.  *See* 28 U.S.C. § 1441(b)(1).

12.    Because Plaintiff is a citizen of California and MAI is not a citizen of California, there is complete diversity of citizenship in this action as required by § 1332(a).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

13.   Section 1332(a) also requires that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."  "[A] defendant's notice of removal need include only a ***plausible allegation*** that the amount in controversy exceeds the jurisdictional threshold," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) ***only*** when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (emphasis added).  Further, the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F. 3d 395, 400 (9th Cir. 2010).  Therefore, although MAI does not concede or admit, in any fashion, that any claims for any amounts alleged in the Complaint have legal or factual merit, it is evident from the Complaint that the amount in controversy exceeds the jurisdictional threshold.

14.   The matter in controversy centers around a 2023 McLaren Artura Coupe vehicle, VIN No. SBM16AEAXPW001181 (the "Subject Vehicle") leased by Plaintiff.  *See* Ex. A, Compl., ¶5. The Manufacturer's Suggested Retail Price for a 2023 McLaren Artura Coupe starts at $237,500. *See* **Exhibit C**, Car and Driver (last visited January 3, 2025). Among other forms of relief, Plaintiff seeks incidental and consequential damages, rescission of the lease agreement, attorneys' fees, costs of suit, a civil penalty and prejudgment interest and other relief the court deems proper. *See* Ex. A, Complaint, ¶¶ 6, 21-23, 27-28, 31, 35, and Prayer for Relief, p. 9.

15.   This Court may consider civil penalties under the Song-Berverly Act of an amount two times the actual damages alleged for purposes of assessing the amount in controversy.  *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.2d 1004, 1009 (N.D. Cal. 2002).  In addition, where the underlying statute authorizes an award of attorney's fees (such as under the Song-Beverly Act), this Court may also consider Plaintiff's reasonable attorney's fees in calculating the amount in controversy.  *See*

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

*Brady, supra* at 1010, citing *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1265 (11th Cir. 2000); *see also Andrew Baracco v. Brooks Bros. Grp., Inc., et al.*, No. CV189208PSGJPRX, 2019 WL 276840, at *3 (C.D. Cal. Jan. 22, 2019).

### NOTICE TO ADVERSE PARTY AND STATE COURT

16.  Pursuant to 28 U.S.C. § 1446(d), MAI is serving written notification of the removal of this case on Plaintiff's counsel.

17.  Pursuant to 28 U.S.C. § 1446(d), MAI will promptly file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk of the Superior Court, County of Los Angeles.

### CONCLUSION

Pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446, MAI hereby removes this Action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated:  January 8, 2025                    Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:    */s/ Lisa M. Gibson*
Lisa M. Gibson
Amy M. Toboco
Attorneys for Defendant
McLaren Automotive, Inc.

## __CERTIFICATE OF SERVICE__

I hereby certify that on January 8, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first-class postage prepaid, to all counsel of record in this matter.

_/s/ Lisa M. Gibson_
Lisa M. Gibson

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Nelson Mullins Riley & Scarborough LLP and my business address is 19191 South Vermont Avenue, Suite 900, Torrance, CA 90502.

On January 8, 2025, I served the foregoing document entitled ***DEFENDANT MCLAREN AUTOMOTIVE INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO U.S.C. §§ 1441(b) and 1446 - DIVERSITY*** on all the appearing and/or interested parties in this action by placing ☒ *the original* ☐ *a true copy* thereof as follows:

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with [attorney service].

☐ **[by ELECTRONIC SERVICE]** - On this date, I personally transmitted the foregoing document(s) via electronic mail to the e-mail address(es) of the person(s) in accordance with the parties' agreement for e-service on the attached service list. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed January 8, 2025 at Torrance, California.

Maria Domingo
_____          By:  *Maria Domingo*
Print Name                                            Signature

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

## <u>**SERVICE LIST**</u>

Sahak Khachikan
KHACHIKYAN LAW FIRM, APC.
201 N. Brand Blvd., Suite 200
Glendale, CA 91203
Telephone: (747) 208-9888
Fax: (747) 529-9164
Email:  servicewarranty@khachikyanlawfirm.com
        sk@khachikyanlawfirm.com